## Paull's Executors *versus* Eldred and Hill.

Where a party recovers premises, by a verdict and judgment in ejectment, and is put into possession under the judgment in such action, the defendant cannot afterwards maintain an ejectment to recover compensation for improvements made while in possession, under the condemned title.

If the party had such an equity, arising out of the circumstances connected with his claim and possession, as entitled him to compensation for improvements made, it did not constitute a title to the land, but merely an equitable lien, and a right to hold the possession until it was satisfied.

Having failed to interpose it as a defence to an action of ejectment brought against him, and to have it enforced by means of a conditional verdict, he cannot afterwards make it the subject of an independent action.

ERROR to the Court of Common Pleas of *Fayette county.*

This ejectment was brought by James Paull in his lifetime against the defendants, Eldred and Hill, who were tenants under the heirs of Ann Squibb for two lots of ground in the town of New Haven, being lots No. 117 and 118 in the plan of said town. The lots in dispute originally belonged to Caleb Squibb and Ann Squibb his wife. Caleb Squibb died in November, 1820. Letters of administration were granted to Jacob D. Mathiott and Ann Squibb. Mathiott obtained an order from the Orphans' Court to sell the lots to pay the debts of the deceased. The lots were sold to Daniel Rogers, who conveyed the same to Mason Mathiott and James Paull, who sold them to Thomas Forster, who erected thereon brick houses, costing some $3000. The property was then sold by the sheriff as the property of Forster, and bought by James Veech, Esq., who conveyed the same to James Paull. After the purchase by Paull, Mrs. Squibb died, and her heirs brought an action of ejectment against Paull to No. 175 June Term, 1847, in which they recovered and went into possession. This ejectment is now brought in the nature of a bill in equity to compel the heirs of Ann Squibb to pay for the improvements.

The court charged the jury that the plaintiff was not entitled to recover, and a verdict was rendered for the defendants.

The plaintiffs sued out this writ, and assigned the ruling of the court below for error.

[Paull's Executors *v·* Eldred & Hill.]

*Fuller, Ewing,* and *King,* for plaintiffs in error.—13 *S. & R.* 304; 2 *Pa. R.* 18; 8 *Watts* 280; Beeson v. Beeson, 9 *Barr* 287; Hersden v. Cheney, 2 *Vern.* 150, and note 1; Eroy v. Nichols, 2 *Eq. Ab.* 488–9; Clare v. Bedford, cited in 1 *Br. C. B.* 356–7; 1 *Story's Eq.* § 387; McKelvy v. Truby, 4 *W. & S.* 323; 2 *P. R.* 22; 9 *S. & R.* 315; 3 *S. & R.* 361, 362, 363; 3 *Wharton* 20; 8 *Watts* 49–50; 9 *Watts* 505; 2 *Story Eq.* §§ 1236–1237; Bright v. Boyd, 1 *Story's R.* 478; 6 *Paige's R.* 390, 403–4; 2 *Story's R.* 605.

*Miller* and *Howell,* for defendants in error.—Le Guin v. Governeur, 1 *Johns. C. C.* 431; 1 *Watts* 401–2; 2 *Watts* 148; *Troub. & Hal.* 252 (last ed.); 2 *Jones* 216; Hepburn v. Snyder, 3 *Barr* 78; *Bright Eq.* § 427; Morrow v. Brenizer, 3 *R.* 188; Winthrop v. Huntingdon, 3 *Hamm.* 327; Beeson v. Beeson, 9 *Barr* 287.

The opinion of the court was delivered by

Lowrie, J.—Formerly the plaintiff's testator was in possession of this tract of land, and it was decided, 12 *State R.* 296, that he was there without title, and he was ejected under a judgment affirmed in this court. This ejectment is brought in the nature of a bill in equity to compel payment for the improvements made during the possession under the condemned title, and we presume, though this does not appear, that the defendants are mere tenants under the Squibb title. The plaintiffs suppose that they have an equity, arising out of the circumstances attending the origin of their title, on which to found their claim for improvements.

For the sake of argument, we may concede this. What then was the character of this equity? It did not constitute a title to the land, but only a right to retain the possession of it until a debt was paid. It was therefore no more than an equitable lien, incident to the possession and depending upon it. If it existed at all, it was entitled by our law to protection by means of an equitable verdict and judgment, when the adverse claim was set up in the former action of ejectment.

Can it now be made the subject of an independent action of ejectment? We think not; we have no precedent for it, and we think there ought to be none. If the plaintiff's testator had such a lien, he ought to have presented it as a defence in the former action. Having neglected to do so, or failed in it, he ought not to be heard now. Besides this, there was a long possession under the defective title, and that is some compensation for the improvements.

Judgment affirmed.

Lewis, C. J., dissented.