PITKIN, Appellant, v. FLAGG et al.

Division Two, October 17, 1906.

1. ORDER OF PUBLICATION: Duty of Court. It is not the duty of the court of its own motion to cause an order of publication to be made for defendants who have been returned not found. It is the duty of the plaintiff to ask for such order, and if he does not do so the cause should be dismissed for failure to prosecute.

2. ———: Judgment Against Those Served: No Exceptions. Where there were several persons joined as defendants and charged with a fraud, some of whom are served or notified and the others not, plaintiff cannot on appeal complain that, when his case was dismissed for failure to prosecute, the court did not permit him to take judgment against those served who had not answered, if he at the time saved no exception to the court's action in that regard, and none to its refusal to order publication for the other defendants.

3. FAILURE TO PROSECUTE: Dismissal. Where plaintiff shows no diligence to prosecute, his suit should be dismissed for failure to prosecute.

Appeal from Scotland Circuit Court.—*Hon. E. R. Mc-Kee,* Judge.

AFFIRMED.

*J. M. Jayne* for appellant.

(1) It is the duty of the trial court, when a summons has been issued and returned, and the return shows that part of the defendants have not been served, but the officer returns his summons *non est,* to make an order for publication notifying such defendants as required by law. R. S. 1899, sec. 577. (2) A *non est* return implies that the officer has made diligent effort to find defendants, and such a return is sufficient to satisfy the court that process cannot be served. State ex rel. v. Finn, 87 Mo. 310. (3) The trial court should have at least given appellant judgment against the defendants who had been personally served with process in due time, as this was the second term of court at which this cause was pending. R. S. 1899, sec. 584. (4) When there are several defendants, some of whom do not appear, and are neither notified nor summoned, the appellant may proceed against those who have been served, and is entitled to judgment against them at least. R. S. 1899, secs. 582, 583, 584. (5) An order of publication may be granted on unsworn statement of attorney. It is not necessary that there should be an affidavit that some or all of the defendants are nonresidents. If the court is satisfied, that is sufficient. Cruzen v. Stevens, 123 Mo. 337; Winningham v. Trueblood, 149 Mo. 572.

*Mudd & Pettingill* for respondents.

(1) Section 583, Revised Statutes 1899, provides that plaintiff may proceed against those who are summoned and dismiss as to the others. Plaintiff did not offer to dismiss as to any defendant, but had he done so it would have been discretionary with the court and such discretion should not be exercised so as to produce injustice. Harris v. Terrell's Exr., 38 Mo. 421; Keithley v. May, 29 Mo. 220. (2) The case had been

in court for a considerable time. The predicament of the plaintiff on which he relied as a sufficient ground to have his case go over to a third term was the result of his own inaction, lack of diligence, and in all probability was designed. The refusal of the court to continue a cause is entitled to every intendment in its favor. King v. Pearce, 40 Mo. 222; Blair v. Railroad, 89 Mo. 395.

GANTT, J.—The plaintiff began this action in the circuit court of Scotland county to set aside a sheriff's deed. The petition was filed October 18, 1902.

The petition, in short, alleges that plaintiff by reason of being an heir at law of H. G. Pitkin, deceased, is entitled to an undivided one-eighth of all the property of which said H. G. Pitkin died seized. The petition sets forth a description of the real estate, all lying in Scotland county, Missouri. It is then alleged that the defendants, except Flagg, Roberts and Collins, are the other heirs at law of the said H. G. Pitkin, deceased. It is then averred that the defendants connived and conspired to cheat or defraud the plaintiff out of his interest in the said lands as an heir of the said H. G. Pitkin, deceased, and had his interest in said real estate levied upon by virtue of a pretended execution without any notice to plaintiff, he being the head of the family, of his rights, and without allowing any exemptions from said executions, and that his interest in said lands was advertised for sale, and at said sale defendant W. J. Roberts bid in said lands and received a sheriff's deed therefor; that said deed was void and said sale was made by fraud between the defendants. It is then charged that afterwards, the said W. J. Roberts brought a partition suit to divide said lands and plaintiff and his wife were not made parties thereto. It is then alleged that O. Jerome Flagg purchased a portion of said lands with full

knowledge of all the aforesaid facts, whereupon plaintiff asks that the said sheriff's deed be set aside and for naught held. Upon this petition there was no summons issued until the 31st day of December, 1902; on that date a summons was issued against all of the defendants named in the petition directed to the sheriff of Scotland county. At the time of filing his petition plaintiff also filed his *lis pendens* on the first day of January, 1903.

The sheriff of Scotland county made return of the writ by showing service on Rachel A. Pitkin, the mother of plaintiff and widow of H. G. Pitkin, Jesse L. Sanburn and Henry Collins, and made a *non est* as to the rest of the defendants. At that date the circuit court of Scotland county had two regular terms each year, beginning on the first Monday of February and August. At the February term after the service of this writ the defendants Collins and Sanburn filed their answers to the plaintiff's petition, and at the same term the defendant Rachel A. Pitkin moved the court to require plaintiff to give security for costs and thereupon the plaintiff filed a cost bond, which was approved by the court. At the said February term, at the request of defendant Rachel A. Pitkin, the court advised the plaintiff that unless the defendants were served with process or publication before the next term of court, the cause would be dismissed for failure to prosecute unless cause should be shown why such service was not had. The cause was then continued to the August term. At the February term plaintiff asked for no orders of publication nor for any writs to Adair and Buchanan counties. At the next term, Mrs. Rachel A. Pitkin, one of the defendants, filed her motion to dismiss the cause on the ground that the plaintiff began his suit October 18, 1902, and filed his *lis pendens* involving the title to large tracts of real estate owned by the defendants, many of whom are non-residents

and whose residences were well known to the plaintiff, and yet the plaintiff had failed and refused to procure service on one-half of the defendants herein, although he had been warned by the court, at the last term of the court, that his action would be dismissed at the present term of the court for further failure to obtain service on the defendants and prosecute his action with diligence. And for the further reason that plaintiff had failed to prosecute his action for the purpose of avoiding a trial at this term and to keep the real estate in his petition described incumbered by the *lis pendens* filed in the recorder's office. Thereupon plaintiff filed a motion asking the court for an order for a writ of summons directed to Cora K. Cody and Byron H. Cody, and directed to the sheriff of Buchanan county, and for a further writ of summons against defendants Eva A. Ivie and W. H. Ivie and directed to the sheriff of Adair county, and for an order of publication against the other defendants that had not been served; thereupon the motion to dismiss the cause for failure to prosecute was taken up, considered and sustained over plaintiff's objections and exceptions. Thereupon plaintiff filed a motion for new trial and to set aside the order dismissing the cause for failure to prosecute. The court announced to the plaintiff and his counsel that he would sustain said motion and grant him a new trial if plaintiff would go to trial at said August term, 1903, of the said court, to which plaintiff refused to consent. And thereupon plaintiff duly saved his objections to the action of the court and brings the matters to this court.

I. Plaintiff now insists that the action of the court in dismissing his cause for failure to prosecute the same should be reversed. His first proposition is that it was the duty of the trial court, under section 577, Revised Statutes 1899, to have made an order of publication as to the non-resident defendants upon the

return of the sheriff that they cannot be found in Scotland county. Section 577 provides that when the sheriff makes return that the defendant cannot be found, the court, being first satisfied that process cannot be served, shall make an order of publication as required by section 575. In other words, plaintiff takes the position that it was the duty of the trial court, without any suggestion from him, to look into the return of the sheriff in this case and of its own motion award him an order of publication as to the non-resident defendants. The plaintiff cannot shirk his own duty in this manner. It is not the duty of the judge of the court to examine all the rolls and files in the office of the clerk to see what returns have been made and to make orders of publication without any suggestions from the attorney for the plaintiff. The plaintiff had used no diligence whatever in the first instance to bring the defendants into court. The non-residents were his own relatives, and as alleged in the motion of his mother, he knew of their residence when he filed his suit on the 18th of October, 1902. He did not allege in his petition that they were non-residents, neither did he file an affidavit as to their non-residence; had he done either he could have had an order of publication made by the clerk on the day that he filed the petition and there was ample time for it to have been published before the convening of the February term. There is no sort of merit in his proposition that it was the duty of the court to look after this service for him without his having taken the proper steps himself.

II. He now makes the point also that the trial court should have at least given him judgment against the two defendants who were served, his mother and another, because they had not filed any answer. Section 583, Revised Statutes 1899, does provide that when there are several defendants, some of whom do not appear, and they are neither notified nor summoned, the

plaintiff may proceed against those, if any, who do appear and are summoned or notified, and dismiss his petition as to the others. But it is to be noted in this case plaintiff did not offer to dismiss as to any defendant, but had he done so in this case, it being a bill in equity against all of the heirs, and it being apparent to the court that all of these heirs were necessary parties, it is very doubtful whether the court in the exercise of wise discretion would have permitted him to have dismissed as to all these non-residents and the defendants who had not been served. [Harris v. Terrell's Exr., 38 Mo. 422; Keithley v. May, 29 Mo. 220.] But it is sufficient answer to all this that the plaintiff took no exceptions to the refusal of the court at the August term, 1903, to order additional writs of summons for resident defendants and its refusal to grant an order of publication as to non-residents, nor did he except to the refusal of the court to enter judgment against Rachel A. and Horace G. Pitkin, and he is therefore in no position to avail himself of section 583.

III. Again, plaintiff invokes the decisions of this court that orders of publication may be granted without an affidavit as to non-residents if the court is satisfied that the defendants are non-residents. Granting all this the plaintiff made no effort to obtain an order of publication. He did not attempt to satisfy the court without an affidavit that the defendants were non-residents. Not only did the plaintiff show no diligence whatever or good faith to bring in the non-resident defendants when he began his suit, and had four months in which to obtain service before the February term, he was evincing no purpose to prosecute this action with any diligence, and the defendant his mother went out of her way to have the court admonish him that he was showing no diligence in the prosecution of his action, and the court then and there at the February

term admonished him that unless the defendants were served with process or publication before the August term, the cause would be dismissed for failure to prosecute it unless good cause should be shown to the contrary. With this admonition the defendant took no step, made no request for the order of publication, filed no affidavit, and asked for no *alias* summons to issue for the defendants living in Adair and Buchanan counties, and permitted the court to adjourn without taking any step whatever to expedite the trial of the cause. Six months then intervened, and when the court convened in August, it appeared that the plaintiff had done nothing, and thereupon the defendant Rachel A. Pitkin filed her motion calling the court's attention to the failure of the plaintiff to prosecute his suit and to the fact that he was keeping a *lis pendens* hanging over all of these lands, and then for the first time the defendant began to demand writs and orders of publication, which necessarily would have delayed the case until the next February term of the court, and in the meantime the cloud on the title of the defendants would have still hung over them. No excuse or good cause whatever was shown why plaintiff had not obtained his process for the absent defendants, but was simply in another way attempting to obtain a continuance of the cause.

It is not pretended that any officer of the court failed to do his duty when requested by the plaintiff. It is the policy of the law to grant litigants a speedy trial, and if ever there was a case when it seems to us that the trial court was justified in dismissing an action because the plaintiff has shown no diligence in his prosecution, it is this one.

We think the trial court was abundantly justified in dismissing the case under the circumstances, and its judgment is affirmed.

*Burgess, P. J.,* and *Fox, J.,* concur.