## Neeld, Appellant, *v.* Cunningham.

*Ejectment—Second ejectment—Statutes—Retrospective laws—Act of May 8, 1901, P. L. 142.*

The Act of May 8, 1901, P. L. 142, which provides "that where one verdict shall, in any writ of ejectment between the same parties, be given for the plaintiff or defendant, and judgment be entered thereon, no new ejectment shall be brought, but such verdict and judgment shall be final and conclusive and bar the right," is not retrospective in character, and does not apply to verdicts and judgments recovered before the date of the act.

Statutes are prima facie prospective in their operation; and retrospective laws being in their nature odious, it ought never to be presumed the legislature intended to pass them, where the words will admit of any other meaning.

*Ejectment—Right to recover for improvements—Act of April 12, 1842, P. L. 262.*

Where a judgment has been entered against a defendant in an ejectment, and no question has been raised as to improvements, the defendant may thereafter, in a second ejectment brought by himself as plaintiff, recover the value of the improvements made on the land, as provided by the Act of April 12, 1842, P. L. 262.

Argued Oct. 26, 1906. Appeal, No. 115, Oct. T., 1906, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1903, No. 937, on verdict for defendants in case of Hettie H. Neeld et al. v. John T. Cunningham et al. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Reversed.

Ejectment for land in the nineteenth, ward of the city of Pittsburg. Before MACFARLANE, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendants. Plaintiffs appealed.

*Error assigned* was in giving binding instructions for defendant.

*Charles K. Robinson*, with him *William B. Rodgers* for appellants.—The act of April 12, 1842, is not limited in its application to any class of land or to any particular defect in title. The language of the act is " in all cases whatever."

The act applies to seated as well as unseated lands : Lynch v. Brudie, 63 Pa. 206.

The history of the law shows that the act was passed to counteract the effect of the decisions of the court in McCall v. Larimer, 2 W. & S. 107 ; s. c., 4 W. & S. 133 ; which case denied the right to recover the value of improvements on seated lands under the act of March 13, 1815, 6 Sm. L. 299. An act will if possible, be so construed as not to give it a retroactive operation : Ogle v. Turnpike Road .Co., 13 S. & R. 256.

Legislation which effects rights will not be construed to be retroactive until it is so declared in the act : Kille v. Iron Works, 134 Pa. 225 ; Lane v. White, 140 Pa. 99 ; Byers v. Penna. R. R. Co., 18 Pa. C. C. Rep. 187.

A second trial in ejectment is a matter of right and therefore one verdict and judgment is not conclusive on the parties : Gehr v. Miller, 8 Atl. Repr. 926.

The four following cases have, under the provisions of the act of 1842, held the tax purchaser entitled to the value of his improvements : Liggett v. Long, 19 Pa. 499 ; Steele v. Spruance, 22 Pa. 256 ; Pendleton v. Richey, 32 Pa. 58 ; Lynch v. Brudie, 63 Pa. 206.

And the right was recognized in the case of Fricke v. Safe Deposit & Trust Company, 183 Pa. 271.

*Jesse T. Lazear*, with him *Thomas C. Lazear*, and *Charles P. Orr*, for appellees.—There is no vested right in a remedy ; the legislature may enact laws altering, modifying or taking away remedies : Grim v. Weissenberg School Dist., 57 Pa. 433.

The act of 1901 and its amendment excludes all exceptions not mentioned therein, and refers to writs pending, not controversies or future actions: Warfield v. Fox, 53 Pa. 382; Land Co. v. Weidner, 169 Pa. 359.

The legislature has the power to pass retroactive laws: Kiskaddon v. Dodds, 21 Pa. Superior Ct. 351; Hepburn v. Curts, 7 Watts, 300; Grim v. Weissenberg School Dist., 57 Pa. 433; Satterlee v. Matthewson, 16 S. & R. 169; O'Conner v. Warner, 4 W. & S. 223.

Where one recovers by judgment in ejectment and is put in possession, the defendant cannot afterwards maintain an ejectment to recover compensation for improvements made while in possession of the condemned title: Paull v. Eldred, 29 Pa. 415; Fricke v. Safe Deposit & Trust Co., 183 Pa. 271; Doak v. Wiswell, 33 Maine, 355; Jenkins v. Scranton, 205 Pa. 598.

The Act of April 12, 1842, sec. 20, P. L. 262, is not applicable to this case: Fricke v. Safe Deposit & Trust Co., 183 Pa. 271.

OPINION BY MR. JUSTICE STEWART, January 7, 1907:

This was the second ejectment suit between the same parties, for the same premises. The first, finally concluded January 9, 1901, was brought by the appellees here against appellants who were in possession under a tax title, and resulted in a verdict for the plaintiffs, who thereupon acquired possession. The present action was begun by appellants August 29, 1903. On the trial of the case the Act of May 8, 1901, P. L. 142, which directs that one verdict and judgment thereon in actions of ejectment shall be final and conclusive, was pleaded in bar. The learned trial judge was of opinion that the act operated retroactively, and accordingly directed a verdict for the defendants. Was this a true interpretation of the act? The determining consideration to the mind of the court was the provision in the third section of the act, as amended, which reads as follows: " Nothing in this act shall be construed to apply to lands or tenements as to which any writ or writs of ejectment were pending, and final judgment not entered, at the time of the approval of the act hereby amended." Apart from this provision, there is nothing in the act that affords the

slightest warrant for supposing that the act was intended to apply to verdicts and judgments previously rendered. The language used in the first section—that part of the act which bars the right of a second action—imports prospective operation solely. The words are: " Where one verdict shall be given." With nothing else in the act but this to indicate the extent of its application a retroactive construction would be impossible. To overcome this necessary meaning, so plainly indicated by the language used, nothing short of an equally plain, positive and unambiguous expression to the contrary will suffice. This would be true though no questions of policy were involved ; by so much the greater reason should a positive, unambiguous expression of purpose contrary to that clearly derivable from the enacting language be required, where the effort is to accomplish by construction a result which the law for equitable reasons desires to avoid whenever it can. " Statutes are prima facie prospective in their operation, and retrospective laws being in their nature odious, it ought never to be presumed the legislature intended to pass them, where the words will admit of any other meaning : " Underwood v. Lilly, 10 S. & R. 97. " Retrospective laws generally if not universally work injustice, and ought to be so construed only when the mandate of the legislature is imperative : " Taylor v. Mitchell, 57 Pa. 209. The absence of any express direction in the act under consideration, that it should apply as well to cases in which verdict and judgment had been rendered, ought to be sufficient in itself to save such cases from its operation. In order to derive from the third section a purpose to make it relate back, resort is had to artificial construction. Because exemption from the provisions of the act is allowed in cases of writs pending at the time of the enactment, it is argued that no other exemptions were intended, under the rule expressum facit cessare tacitum. But the rule is without application here. The act by its express terms looks to the future and not to the past. The first section has regard to verdicts and judgments that shall be rendered, and none other, and out of these, not out of all verdicts and judgments whensoever rendered, but out of those to be rendered, it excepts cases then pending, and as to these future verdicts and judgments it says they shall be exempt. The exception is in

favor of a class of cases which, but for the third section, would clearly fall within the terms of the act.   Prior judgments and verdicts were in no such danger.   For anything contained in the act the appellants were entitled to maintain their action, and the assignment of error that relates to the court's action in this regard is sustained.

Since the case must go back for another trial, the remaining question raised by the assignments requires an expression of view.   On the trial of the case plaintiffs sought to recover as well for the value of the improvements made by those under whom they claimed title.   The court held that this right attached only in connection with the first ejectment, and refused to submit the claim.   The Act of April 12, 1842, P. L. 262, provides that a recovery for improvements shall be an incident in all cases whatsoever where a recovery is had against a purchaser at a sale for taxes, or other person claiming under him. In the former suit between these parties it was averred in defendants' abstract of title, that the person under whom defendants claimed had not only paid all the taxes assessed during his occupancy, but had erected ten dwelling houses on the land during this period, at a cost of from $25,000 to $30,000, and that these expenditures had been made with both constructive and actual notice to the plaintiffs.   The evident purpose in setting this out in the abstract, however inefficacious, was to estop the plaintiffs in their action.   Certainly there was nothing in the record of the case, so far as we are permitted to see it, that shows that any claim for compensation was made, or that any claim of this character was considered in the adjudication.   It was not in the case.   Are the defendants, in that action, now that they are the plaintiffs in this second ejectment, precluded from asserting such claim here ?   We think not.   The act is too explicit in its terms to admit of any other conclusion than that a party claiming under a tax title has a right to one adjudication of his claim for improvements, and that this right may be exercised, once for all, in any action brought by his adversary or himself where the legal title to the land in question is the subject of the dispute.   It expressly provides that he may assert this right whether he be in or out of possession, whether he be plaintiff or defendant in the action. The full significance of this provision seems to have been over-

looked. The party claiming could have made no improvements except he had been at one time in possession under his tax title. If out of possession, the presumption must be that he was dispossessed in consequence of an adverse verdict. Yet, being out of possession, his statutory right to assert his claim remains, and this could only be in a second or third ejectment, as the case might be.

The act gives one process for the enforcement of the claim when recovered by a defendant in possession, and quite another when recovered by a plaintiff out of possession. The clear implication is that the claim may be asserted upon either ejectment as the claimant may elect. This right of election gives the claimant no undue advantage; on the other hand, restricting his right to the first action, would obviously result in some cases at least in prejudicing, and perhaps defeating, his statutory right to a second impartial trial on the question of a legal title. In holding to the view here expressed we are not running counter to anything said in Paull's Executors v. Eldred & Hill, 29 Pa. 415, or in Fricke v. Safe Deposit and Trust Company, 183 Pa. 271. In the former, the act of April 12, 1842 was not under consideration. True, it was a second ejectment, and the right of the holder of the tax title to recover for the improvements made thereunder was denied; but the circumstances were so unlike what we have here, that the case furnishes no present authority. The second ejectment there was not brought to try the legal title, but was avowedly and exclusively for the recovery of compensation for improvements made during possession under the condemned title. The right to recover for a claim of this character was more than doubted by the court; but the right being conceded, for the purposes of the argument, it was held that since no claim of title was asserted, the action was to be regarded as in the nature of a bill in equity for the enforcement of the equitable lien incident to, and depending upon, the possession of the premises, inasmuch as it could only be enforced, if at all, by permitting the defendant to retain the possession until it was paid, and such remedy could not avail a plaintiff out of possession. The present case proceeds on a very different basis; it is a second ejectment brought by the holders of the tax title, in the exercise of a statutory right, to recover possession. The right to

the action cannot be denied; nor can the right to recover in an ejectment suit for the value of the improvements be questioned: both rest alike upon statutory authority. With respect to the latter, it is not a question of equitable interference to avoid inequitable results, but a statutory proceeding for the enforcement of statutory rights. All that was said in Fricke v. Safe Deposit and Trust Company, 183 Pa. 271, was that the plaintiff who had recovered on his legal title could not afterwards be brought into equity, and made to account for the value of improvements; that the statute which created the right provided the remedy as well. We are of opinion that in the pending action plaintiffs had a right to have their claim for improvements adjudicated.

The assignments of error are sustained. The judgment is reversed and a venire facias de novo awarded.