STATE OF MISSOURI at the relation of R. SHAD BENNETT, Relator, v. WILLIAM C. HUGHES, EDWARD J. McCULLEN and LYON ANDERSON, Judges of the St. Louis Court of Appeals.—155 S. W. (2d) 184.

Court en Banc, October 25, 1941.

*Gus O. Nations* for relator.

*Fordyce, White, Mayne, Williams & Hartman* and *G. Carroll Stribling* for respondents; *Evans, Mershon & Sawyer* of counsel.

GANTT, C. J.—Action to quash an opinion of a court of appeals in Bennett v. Metropolis Pub. Co., 148 S. W. (2d) 109. In that case the trial court sustained a demurrer to the petition and accordingly entered judgment for the defendant. On plaintiff's appeal, the judgment was affirmed. The material facts, as stated in the opinion, follow:

"This is an action to recover damages for libel. The petition alleges that defendant is a corporation organized and existing under and by virtue of the laws of .the State of Florida, with its principal office and place of business at Miami, Florida, and engaged in the publishing business, particularly in the printing, distributing, and circulation of a newspaper named and known as the Miami Daily News; that defendant published in its newspaper two articles, on July 16, 1929, charging plaintiff with plotting the murder of one Oil King, a bankrupt butcher of West Frankfort, Illinois, in order to collect life insurance plaintiff held as a security for a debt. . . .

"The petition was filed on July 15, 1931, and a writ of summons was thereupon issued.

"On June 28, 1933, the cause was dismissed for failure to prosecute.

"On August 31, 1933, the order of June 28, 1933, dismissing the cause for failure to prosecute, was set aside, and the cause was reinstated on the docket, and an alias summons was ordered issued. Pursuant to this order an alias summons was duly issued.

"On October 27, 1933, plaintiff filed an affidavit for an attachment and a writ of attachment was ordered to issue. Pursuant to this order a writ of attachment was duly issued.

"On October 13, 1938, on oral motion of the plaintiff, the cause was removed from the dismissal docket, on which it had been placed by the clerk, and an alias summons and alias writ of attachment were ordered to issue. Pursuant to this order an alias summons and alias writ of attachment were duly issued.

"On December 9, 1938, on application of the plaintiff a pluries

summons and pluries writ of attachment were ordered issued. Pursuant to this order such summons and writ were duly issued.

"On December 19, 1938, on application of plaintiff, writs of summons and attachment were ordered issued to the sheriff of Cole County. Pursuant to this order such writs were duly issued.

"On January 5, 1939, the summons was returned *non est*, and the writ of attachment was returned showing it was duly executed by garnishment.

"On January 11, 1939, defendant entered its appearance and filed its answer to the petition.

"On January 18, 1939, plaintiff having failed to give an attachment bond, the writ of attachment was dissolved.

"On January 27, 1939, by leave, defendant withdrew its answer and filed a special demurrer to the petition, alleging as ground therefor that it appears on the face of the petition and the record of the proceedings in the cause that plaintiff's cause of action, if any he had, accrued more than two years before the commencement of the action, and that the action has become completely barred by the statutes of limitations of the states of Missouri and Florida, to-wit, sec. 864, R. S. Mo. 1929, Mo. Stat. Ann., sec. 864, p. 1152, and sec. 4663 of Compiled Laws of Florida, 1927.

"Both of these statutes provide that an action for libel can only be commenced within two years after the cause of action shall have accrued.

"On March 15, 1939, as shown by the short transcript filed here, the court sustained defendant's special demurrer and dismissed plaintiff's action.'"

 On the above stated facts, the opinion of said court ruled as follows:

"In the present case, according to the records of the trial court, of which the court had judicial knowledge when he came to pass upon the demurrer, the plaintiff, after the filing of the petition and the issuance of the writ of summons, on July 15, 1931, permitted two years and more to elapse before asking for an alias writ of summons or a writ of attachment, and then permitted five years more to elapse before asking for any further writ. In other words, there were two intervals of dormancy between the issuance of writs, one of two years and more and another of five years.

"If the interval of two years was not sufficient to interrupt the continuity of the action, surely the interval of five years was. To hold that a plaintiff in an action against a nonresident may in such fashion prolong a two-year period of limitation to a period of nine years would be to put it in the power of any plaintiff in such an action to practically abrogate the statute.

"But plaintiff urges in argument that he was entitled to keep his action alive indefinitely without the issuance of process while search-

ing for an agent of defendant in the state upon whom to get personal service or while searching for property of defendant in the state upon which to levy an attachment. We know of no rule or reason to allow the plaintiff to thus prolong the period of limitation. If he could do this, then why could he not with equal propriety withhold the filing of his petition while he prosecutes his search for such agent or property?''

Plaintiff contends that the above ruling is in conflict with Ferber v. Brueckl, 322 Mo. 892, 17 S. W. (2d) 524. In that case we ruled that failure to have process issued at every succeeding term for a non-found defendant was not an abandonment of the cause. The application of the statute of limitations was neither considered nor ruled in that case. The said court further ruled as follows:

▮ ''Plaintiff concedes, as he ought, that in so far as the demurrer pleads limitation in bar of plaintiff's action it is merely a special demurrer; and not a speaking demurrer, since in this respect it raises no issue of fact but purely an issue of law. However, as pointed out and stressed by plaintiff, the demurrer goes further than this, and alleges affirmative matters. But, while this is so, it alleges no fact, not appearing on the face of the petition or in the records of the court in the cause, essential to show plaintiff's action is barred by limitation.

''It is fundamental that courts are bound to take judicial notice of their own records in the same cause. (Citing cases.) And, of course, alleging in a demurrer what the court judicially knows from its own records in the cause raises no issue of fact.

Plaintiff also contends that this ruling conflicts with decisions of this court, citing cases. In the cited cases we ruled that the trial court could not consider exhibits attached to the petition, ordinary testimony or the record in another case in ruling a demurrer to the petition. In effect, the Court of Appeals, in the instant case, ruled that on demurrer to the petition the records in the same case must be considered as if alleged in the petition. The said question has not been ruled by this court. In this connection it may be stated that Sec. 955, R. S. 1939, provides that ''neither presumptions of law nor matters of which judicial notice is taken need be stated in the pleadings.'' The said court further ruled as follows:

▮ ''It is well settled that if the petition shows on its face that the bar of the statute of limitations has become complete a demurrer stating that as a ground is proper, and if the action is such that the bar may be obviated by some exception in the statute the facts stated in the petition should show such exception. In other words, the exception relieving plaintiff from the bar of the statute should be pleaded by him. (Citing cases.)''

Plaintiff also contends that this ruling conflicts with State ex rel. Gentry v. Bray (Monarch Transfer & Storage Co.), 323 Mo. 562, l. c. 575, 20 S. W. (2d) 60, l. c. 62, wherein we stated that ''the plea of

the statute of limitations as a ground of demurrer in a case of this character can only be made when the statute creates an absolute bar by the mere lapse of time, without any exception, if the necessary facts therefor appear in the petition." The statement is meaningless. If so, there is no conflict.

The writ of certiorari should be quashed. It is so ordered. All concur.