WALTER R. MAYNE, LIQUIDATOR OF ST. FERDINAND SEWER DISTRICT OF ST. LOUIS COUNTY, MISSOURI, A CORPORATION, RESPONDENT, v. JACOB MICHEL REAL ESTATE COMPANY, A MISSOURI CORPORATION, APPELLANT.—180 S. W. (2d) 809.

St. Louis Court of Appeals.   Opinion filed June 6, 1944.

*Edward A. Ferrenbach* and *Joseph T. Hersby*, for Appellant.

*T. Douglas Moore* for respondent.

*Fordyce, White, Mayne, Williams & Harman* of counsel.

SUTTON, C.—This action was commenced on November 10, 1932, in the Circuit Court of St. Louis County, for the recovery of sewer

taxes levied against certain tracts of land, described in plaintiff's petition, belonging to defendant, situate in said county. The petition alleges that the taxes became delinquent in 1931.

The record recites that, on November 21, 1932, a writ of summons was issued for defendant, Jacob Michel Real Estate Company, and delivered to the sheriff of St. Louis County, and said writ, on January 9, 1933, was returned unexecuted; that, on July 7, 1943, plaintiff amended his petition by changing the name of defendant to Jacob Michel Real Estate Company, a Missouri corporation; that, on the same day, an alias summons was ordered to issue and was issued for the defendant to the sheriff of the City of St. Louis; that, on July 14, 1943, said alias summons was returned executed; that, on September 22, 1943, defendant filed its special demurrer to plaintiff's petition, alleging as ground therefor that it appeared from the petition and the record of the proceedings in the cause that plaintiff's cause of action, if any he had, was barred by the five-year statute of limitations; that, on October 25, 1943, defendant's special demurrer was by the court overruled; and that, on October 28, 1943, defendant filed its answer, pleading the five-year statute of limitations as a bar to plaintiff's actions.

The trial, which was had on November 29, 1943, before the court, without a jury, resulted in a judgment in favor of plaintiff for $433.89 against the tracts of land described in the petition, said sum being charged as a first lien on said tracts of land, to be enforced by special execution. From this judgment defendant appeals.

Plaintiff's evidence showed the amounts of sewer taxes levied against the several tracts of land and the ownership of the tracts.

Defendant's evidence showed that the suit was filed on November 7, 1932; that a writ of summons was issued and delivered to the county sheriff on November 21, 1932, and was returned unexecuted on January 9, 1933; that an alias summons was ordered issued and was issued against defendant on July 7, 1943; that this was the only writ of summons issued after the original writ had been returned unexecuted on January 9, 1933; that the alias writ was returned executed by the city sheriff on July 14, 1943; that a special demurrer was filed on September 22, 1943, and was overruled on October 25, 1943; and that an answer was filed by defendant on October 28, 1943.

The evidence further showed, or tended to show, that the clerk's office had never been instructed to withhold the issuance of a writ of summons.

Defendant assigns error here for the refusal of its instruction in the nature of a demurrer to the evidence.

It appears from the record before us that the statute of limitations commenced to run in 1931, yet, though the petition was filed and a writ of summons was issued in November, 1932, and the writ was returned unexecuted in January, 1933, defendant was not served with

process and no further process was issued until 1943, twelve years after the statute commenced to run and ten years and eight months after the filing of the petition and the issuance of the original writ, and ten years and six months after the return of the writ.

Plaintiff relies on section 876, R. S. 1939, which provides that the filing of a petition in a court of record, and the suing out of process therein, shall be taken and deemed the commencement of a suit.

In this case the petition was filed and a writ of summons was issued upon the filing of the petition. There is no question that this was the commencement of the suit within the meaning of the statute of limitations, but the fact that the suit was commenced prior to the running of the statute is not necessarily decisive. The question with which we are here concerned is as to whether or not there was such delay in the issuance of other process following the return of the original writ as to interrupt the continuity of the suit so that the running of the statute became a bar to the suit.

It will be observed that, while it is the duty of the clerk to issue process upon the filing of the petition, without any request by plaintiff therefor, this is not so with respect to subsequent process.

Section 890, R. S. 1939, relating to service on corporations, provides as follows:

"In case the sheriff or other officer shall return any summons not served, and it shall be made to appear to the court that process cannot be served, the court, or the clerk thereof in vacation, shall make an order directing the defendant to be notified of the commencement of the suit by publication, in the same manner as is now provided by law for the notification of non-residents in civil cases."

Section 891 provides for service by publication in certain cases, such as this, on non-resident defendants, including corporations, and on defendants who have absconded or absented themselves from their usual place of abode in this state, or have concealed themselves so that the ordinary process of law cannot be served upon them.

Section 893 provides as follows:

"When, in any of the cases contained in section 891, summons shall be issued against any defendant, and the sheriff to whom it is directed shall make return that the defendant or defendants cannot be found, the court, being first satisfied that process cannot be served, shall make an order as is required in said section."

Section 908 provides that when any writ or process issued out of any court of this state shall not be executed, the clerk of such court, *on application of the party suing out such writ or process*, shall issue other like process.

In Pitkin v. Flagg, 198 Mo. 646, 97 S. W. 162, it is held that it is not the duty of the court of its own motion to cause an order of publication to be made for a defendant on a non est return of a summons,

but that it is the duty of the plaintiff to ask for such order, and if he does not do so the cause should be dismissed for failure to prosecute.

It is thus made clear that, when a writ of summons has been returned unexecuted, neither another writ nor an order of publication will issue without a request therefor. If the plaintiff wants such other writ or an order of. publication, upon a non est return, he must ask for it.

The statute makes ample provision for obtaining service on the defendant upon a non est return of a writ of summons. If personal service cannot be had through another writ, service by order of publication is available; and it so happens that in this case service by publication would have been just as effectual to accomplish the object of the suit as personal service through another writ, since in neither event could the plaintiff have a personal judgment against the defendant. [Carlin v. Cavender, 56 Mo. 286; Smith v. Kiene, 231 Mo. 215, 132 S. W. 1052; Heman Const. Co. v. Loevy, 179 Mo. 455, 78 S. W. 613; 44 C. J. 877.]

The question for decision here was ruled by this court in Bennett v. Metropolis Publishing Co., 148 S. W. (2d) 109, as follows:

"In the present case, according to the records of the trial court, of which the court had judicial knowledge when he came to pass upon the demurrer, the plaintiff, after the filing of the petition and the issuance of the writ of summons, on July 15, 1931, permitted two years and more to elapse before asking for an alias writ of summons or a writ of attachment, and then permitted five years more to elapse before asking for any further writ. In other words, there were two intervals of dormancy between the issuance of writs, one of two years and more and another of five years. If the interval of two years was not sufficient to interrupt the continuity of the action, surely the interval of five years was. To hold that a plaintiff in an action against a non-resident may in such fashion prolong a two-year period of limitation to a period of nine years would be to put it in the power of any plaintiff in such an action to practically abrogate the statute."

That case went to the Supreme Court on *certiorari*. The opinion was held not in conflict with the decisions of the Supreme Court, and the writ was quashed. [State ex rel. Bennett v. Hughes, 348 Mo. 667, 155 S. W. (2d) 184.]

Our ruling in the Bennett case finds support upon fundamental principles announced in analagous cases in this state. [Mertens v. McMahon (Mo. App.), 115 S. W. (2d) 180; Conrad v. McCall, 205 Mo. App. 640, 226 S. W. 265; McCormick v. Clopton, 150 Mo. App. 129, 130 S. W. 122; White v. Reed, 60 Mo. 380.]

It also finds support in practically parallel cases in other jurisdictions. [Prettyman v. Irwin, 273 Pa. 522, 1. c. 526; Rees v. Clark, 213 Pa. 617; Parker Bros. Co. v. Pennsylvania R. Co., 242 Mich. 214, 1. c. 216; Clark v. Kellar, 3 Bush's Reps. (Ky.), 223; Hanna v. Ingram,

53 N. C. 55, 8 Jones' Law Rep. 55; Cox v. Strickland, 120 Ga. 104; United States v. Miller, 164 F. 444; Jones v. Orum, 5 Rawle 249; Etheridge v. Woodley, 83 N. C. 11; O'Neill's Est., 29 Pa. 415; Austin v. Proctor (Tex.), 291 S. W. 702; Wolfenden v. Barry, Ia., 22 N. W. 915.]

In Clark v. Kellar, *supra,* the court said:

"To prevent the statute of limitations from running, a suit must be brought and prosecuted in good faith; and, if the time constituting the bar is permitted to elapse between the suing out of one process until another, the mere bringing the suit will not prevent the statute from running, and is no legal reason why the bar should be disallowed."

In Prettyman v. Irwin, *supra,* the court said:

"When, however, there has been a failure to issue an alias or pluries summons within the statutory period after the issuance of the immediately preceding writ, laches is not the controlling factor; on the contrary the action will abate unless facts be shown which would have been sufficient to toll the running of the statute, if the action had not been begun within the prescribed time: Jones v. Orum, 5 Rawle, 249, 254; Curcier's Est., 28 Pa. 261; Neel v. McElhenney, 189 Pa. 489; Rees v. Clark, 213 Pa. 617; Bovaird & Seyfang Manufacturing Co. v. Ferguson, 215 Pa. 235. In Jones v. Orum, *supra.* we said that to permit an alias writ to continue the right of action for a longer period than the statutory time after the issuance of the original 'would introduce all the mischief the statute of limitations was intended to guard against'; and in Bovaird & Seyfang Manufacturing Co. v. Ferguson, *supra,* we held that, if an alias is not issued within the statutory period after the original, 'it will be considered, so far as the statute of limitations is concerned, as the commencement of the action.' It necessarily follows that the cause which will excuse a delay in issuing an alias or pluries summons, must be, as stated, of as high a character as that required in order to toll the running of the statute in the case of an original writ."

In Parker Bros. Co. v. Pennsylvania R. Co., *supra,* the court said:

"This suit is based upon a bill of lading and by its terms the period within which suit might be brought thereon expired March 21, 1919. In disposing of the motion to quash, the trial court held that the length of time which elapsed between the date of issuing the original summons (November 25, 1918) and the date of issuing the alias (December 3, 1921) was so great that, notwithstanding the showing made incident to the application for the alias, the continuity of the action was broken; and since the cause of action became barred in the interim, the issuance of the alias writ would not revive the suit. We are in accord with this holding. While the precise question has not been passed upon before by this court, the rule was rather definitely indicated in Gunn v. Gunn, 205 Mich. 198, wherein Justice

Fellows held that an alias issued without proper basis was not void but should be 'treated as a new writ';' but he there specially stated: 'In the instant case the statute of limitations is not involved.' When the Gunn Case was decided, Circuit Court Rule No. 18, sec. 2, provided, as it still provides, that any time after the filing of the return of an unserved writ an alias or pluries writ may be issued 'by leave of the court upon proper showing by affidavit satisfying the court that service could not, with reasonable diligence, have been made sooner.' But we are of the opinion that the provision in this rule for issuing an alias or pluries writ *at any time thereafter* was not designed to abolish or circumvent the limitations otherwise applicable to an action; and that in cases such as this wherein there is a clear break in the continuity of the action during which the statute of limitations becomes effective or the suit is otherwise barred, the right of action is terminated."

Such is the tenor of all the cases that have been brought to our attention. The cases differ somewhat with respect to the course of reasoning adopted, but they all proceed upon the same underlying principle and arrive at the same result. They all manifest the same unwillingness to permit the period of limitation to be prolonged by the failure of the plaintiff to make diligent use of the means provided by law for obtaining jurisdiction of the defendant.

Plaintiff here relies on Ferber v. Brueckl, 322 Mo. 892, 17 S. W. (2d) 524. In that case defendants sought a dismissal of the case on the ground that plaintiff failed to cause an alias writ of summons to be issued at the return term and successive writs at every succeeding term until the defendants could be found and served. The statute of limitations was not in the case. Defendants' theory was that the failure of plaintiff to have an alias writ of summons issued at the return term and successive writs at every succeeding term resulted in the discontinuance of the suit in the sense that the court lost jurisdiction of it. That case is not at all like a case, such as this, where the statute of limitations is involved. In fact, the court in that case recognized this distinction, for the court, after discussing the practice at common law, relied on by defendants, said:

"It appears, too, that under the common law of England and the act of Parliament as it stood at the time it adopted same, the practice relating to discontinuance had become obsolete, and attention was paid to same only when defendants came in and pleaded the statute of limitation. In this event, it seems the court directed the clerk to enter fictitious entries of continuances or process from term to term, and thus cured the default. Except when the statute of limitation was involved, these implied or involuntary discontinuances arising from the failure to continue process were wholly disregarded by the courts of England."

The same distinction is recognized in State ex rel. Bennett v.

Hughes, supra, wherein the court, in passing on our ruling in Bennett v. Metropolis Publishing Co., *supra,* said:

"Plaintiff contends that the above ruling is in conflict with Ferber v. Brueckl, 322 Mo. 892, 17 S. W. (2d) 524. In that case we ruled that failure to have process issued at every succeeding term for a non-found defendant was not an abondonment of the cause. The application of the statute of limitations was neither considered nor ruled in that case."

So, also, the distinction is recognized in Parker Bros. Co. v. Pennsylvania R. Co., *supra,* as follows:

"While the precise question has not been passed upon before by this court, the rule was rather definitely indicated in Gunn v. Gunn, 205 Mich. 198, wherein Justice Fellows held that an alias issued without proper basis was not void but should be 'treated as a new writ;' but he there specially stated: 'In the instant case the statute of limitations is not involved.' "

So, also, in State ex rel. Bair v. Producers Gravel Co., 341 Mo. 1106, 111 S. W. (2d) 521, relied on by plaintiff, the statute of limitations was not involved. The cause was tried to final judgment. An execution was issued. A motion to quash the execution was made by defendants, who contended that they were not in court when the judgment was rendered, on two grounds, (1) that since no process was issued by the clerk suit was never commenced, and (2) that if the suit was commenced the waiver of process and entry of appearance by defendants was not sufficient to put them in court. The court held (1) that the suit was commenced when the petition was filed, and (2) that the motion to quash was a collateral attack upon the validity of the judgment, and that the recital of the judgment that defendants had entered their appearance and filed their answer imported absolute verity in such collateral attack. The motion to quash attacking the validity of the judgment did not and could not rest on the statute of limitations. The statute goes to the merits, not to the jurisdiction. It is true the court stated in that case that it had been held that a suit commenced in a court of record when the petition is filed, though summons may not thereafter be issued until the suit is barred, but this was said merely in argument of the proposition that the suit in hand was commenced when the petition was filed.

It is clear that the present suit is barred by limitation, and defendant's instruction in the nature of a demurrer to the evidence was erroneously refused.

It follows that the judgment of the circuit court should be reversed. The Commissioner so recommends.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed. *Hughes, P. J.,* and *McCullen* and *Anderson, JJ.,* concur.